# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOMMIE GENE PATTERSON,<br><br>        Appellant,<br>v.<br>NACOLE JIPPING, TRUSTEE,<br><br>        Appellee. | Case No. 3:24-cv-00096-SLG<br>CONSOLIDATED<br>LEAD CASE |
| TOMMIE GENE PATTERSON,<br><br>        Appellant,<br>v.<br>NACOLE JIPPING, TRUSTEE,<br><br>        Appellee. | Case No. 3:24-cv-00098-SLG<br>CONSOLIDATED |

### ORDER ON APPEALS FROM BANKRUPTCY ORDERS

Tommie Gene Patterson, appearing *pro se*, appeals two orders issued by the Bankruptcy Court for the District of Alaska, which (1) established that his interest in the Estate of Marion L. Patterson is property of the bankruptcy estate and (2) denied his requests to have Judge Trish Brown recuse herself from the proceedings and to remove the bankruptcy trustee and the attorney for the trustee.[1] This Court has jurisdiction to consider these appeals under 28 U.S.C. §

---

[1] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 81 (Bankr. D. Alaska Apr. 19, 2024); *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 75 (Bankr. D. Alaska Apr.

158(a). Neither party requested oral argument, and it was unnecessary for the Court's determination.[2] For the reasons set forth below, the Bankruptcy Court's orders are **AFFIRMED**; Mr. Patterson's consolidated appeals are **DISMISSED**.

## BACKGROUND

On January 17, 2023, Mr. Patterson filed a petition for Chapter 7 bankruptcy.[3] At that time, Mr. Patterson estimated that the total value of his property was $1,948.00 while the total value of his liabilities was $83,812.96.[4] As part of his petition, Mr. Patterson was asked if he possessed "[a]ny interest in property that is due you from someone who has died" or if he was "currently entitled to receive property because someone has died," both to which Mr. Patterson answered "no."[5] Mr. Patterson was also asked if he had "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment," to which Mr. Patterson also answered "no."[6] Based on Mr. Patterson's representations in his petition, the Bankruptcy Court issued a notice, which stated

---

17, 2024).

[2] *See* Fed. R. Bankr. P. 8019(b).

[3] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 1 (Bankr. D. Alaska Jan. 17, 2023).

[4] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 1-2 at 1 (Bankr. D. Alaska Jan. 17, 2023).

[5] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 1-2 at 10 (Bankr. D. Alaska Jan. 17, 2023).

[6] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 1-2 at 10 (Bankr. D. Alaska Jan. 17, 2023).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 2 of 17
Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 2 of 17

in part that "[n]o property appears to be available to pay creditors," and directed creditors not to file proofs of claim unless otherwise instructed by the Bankruptcy Court.[7]

On April 18, 2023, the Bankruptcy Court issued an Order of Discharge.[8] And on May 5, 2023, the Bankruptcy Court issued a Final Decree indicating that Mr. Patterson's bankruptcy estate had been fully administered and the case closed.[9]

On January 16, 2024, the Acting U.S. Trustee for Region 18 informed the Bankruptcy Court that it had "received information concerning the existence of additional assets requiring further administration," and asked the Bankruptcy Court to reopen Mr. Patterson's bankruptcy case and authorize the appointment of a trustee in the reopened case.[10] The Bankruptcy Court granted both requests and Nacole M. Jipping was appointed as trustee.[11] On January 22, 2024, Ms. Jipping filed an Application by Trustee for Authority to Employ and Appoint Attorney under

---

[7] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 6-1 at 2 (Bankr. D. Alaska Jan. 18, 2023).

[8] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 25 (Bankr. D. Alaska Apr. 18, 2023).

[9] *In re Tommie Gene Patterson*, Case No. 23-00004-TB (Bankr. D. Alaska May 5, 2023).

[10] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 27 (Bankr. D. Alaska Jan. 16, 2024); *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 28 (Bankr. D. Alaska Jan. 16, 2024).

[11] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 29 (Bankr. D. Alaska Jan. 16, 2024); *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 30 (Bankr. D. Alaska Jan. 16, 2024).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 3 of 17

Case 3:24-cv-00096-SLG    Document 32    Filed 12/03/24    Page 3 of 17

General Retainer, accompanied by a Declaration of William Artus, the proposed attorney, who represented that he was a disinterested person in the matter and could therefore serve as counsel for the trustee.[12] The Bankruptcy Court granted Ms. Jipping's request and authorized the trustee to hire Mr. Artus as her attorney in the reopened bankruptcy case.[13]

On February 19, 2024, Ms. Jipping filed a motion seeking an order that Mr. Patterson's interest in the estate of his deceased wife, Marion Patterson, be included as property of the bankruptcy estate.[14] Ms. Jipping asserted that, in 2017, Ms. Patterson had filed a lawsuit against her insurance carrier for coverage related to an accident that occurred prior to 2017.[15] Ms. Jipping further asserted that Ms. Patterson passed away in 2018 while her lawsuit was still pending, and that the Estate of Marion L. Patterson was substituted as plaintiff in Ms. Patterson's case against her insurance carrier after her passing.[16] Ms. Jipping asserted that Mr.

---

[12] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 35 (Bankr. D. Alaska Jan. 22, 2024); *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 36 (Bankr. D. Alaska Jan. 22, 2024).

[13] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 40 (Bankr. D. Alaska Jan. 29, 2024).

[14] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 51 (Bankr. D. Alaska Feb. 19, 2024).

[15] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 47 at 1 (Bankr. D. Alaska Feb. 13, 2024)

[16] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 47 at 1 (Bankr. D. Alaska Feb. 13, 2024).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 4 of 17
Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 4 of 17

Patterson was involved in both the case against Ms. Patterson's insurance carrier and the probate case for Ms. Patterson's estate.[17] Ms. Jipping provided evidence that, on September 20, 2023, a settlement was reached between the insurance carrier and the estate of Ms. Patterson for $900,000.[18] Ms. Jipping contended that Mr. Patterson acquired an interest in Ms. Patterson's estate upon her passing, and because that occurred before he filed for bankruptcy, his interest in her estate should properly be classified as part of the bankruptcy estate.[19] The Bankruptcy Court denied Ms. Jipping's motion without prejudice because the motion did not comply with the Alaska Local Bankruptcy Rules.[20] Ms. Jipping subsequently renewed her Motion for Entry of Order Establishing that Debtor's Interest in and Right to Receive a Distribution from the Estate of Marion Patterson is Property of His Bankruptcy Estate.[21]

On February 5, 2024, Mr. Patterson filed a motion to remove Ms. Jipping as

---

[17] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 47 at 1–2 (Bankr. D. Alaska Feb. 13, 2024).

[18] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 47-1 (Bankr. D. Alaska Feb. 13, 2024). The settlement was approved by the Alaska Superior Court on October 5, 2023. *Id.*

[19] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 52 at 2–3 (Bankr. D. Alaska Feb. 19, 2024).

[20] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 58 (Bankr. D. Alaska Feb. 28, 2024).

[21] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 60 (Bankr. D. Alaska Mar. 1, 2024).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 5 of 17
Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 5 of 17

trustee, alleging that she had a conflict of interest and had acted improperly.[22] The Bankruptcy Court, with Judge Brown presiding, held a hearing on the motion on March 6, 2024.[23] During the hearing, Mr. Patterson also objected to Mr. Artus being permitted to represent Ms. Jipping on the grounds that Mr. Artus had previously been sanctioned by the Bankruptcy Court for acting improperly.[24] Judge Brown acknowledged that Mr. Artus had been sanctioned by the Bankruptcy Court in 1999, but explained that he could still appear in Bankruptcy Court provided he followed specific instructions.[25] Judge Brown also found that Mr. Patterson had not alleged that Mr. Artus had failed to comply with the requirements outlined in the 1999 order and denied Mr. Patterson's objection.[26] The Bankruptcy Court also denied Mr. Patterson's motion to remove Ms. Jipping.[27] Mr. Patterson did not

---

[22] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 43 (Bankr. D. Alaska Feb. 5, 2024).

[23] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 65 (Bankr. D. Alaska Mar. 6, 2024).

[24] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 64 at 15:29–16:20 (Bankr. D. Alaska Mar. 6, 2024).

[25] The 1999 order requires Mr. Artus to obtain and file written certification from the United States Trustee that Mr. Artus holds no interest adverse to the estate and is a disinterested party within the meaning of 11 U.S.C. § 101(14) before appearing in any bankruptcy case in the District of Alaska. *In re Browning Timber of Alaska, Inc.*, Case No. 99-00081-DMD (Bankr. D. Alaska Oct. 8, 1999).

[26] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 64 at 16:12–18:08 (Bankr. D. Alaska Mar. 6, 2024).

[27] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 64 at 25:16–27:42 (Bankr. D. Alaska Mar. 6, 2024); *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 66 (Bankr. D. Alaska Mar. 7, 2024).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 6 of 17

Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 6 of 17

appeal these rulings.

On April 9, 2024, Mr. Patterson filed a motion in the Bankruptcy Court seeking to have Judge Brown recuse herself from his bankruptcy case because of alleged bias and conflicts of interest.[28] Read generously, the motion appears to have again requested the removal of Ms. Jipping and Mr. Artus.[29] On April 17, 2024, Judge Brown denied Mr. Patterson's motion without a hearing because she was "unable to discern a cognizable request for relief."[30] Mr. Patterson appeals this decision.[31]

On April 18, 2024, the Bankruptcy Court held a hearing on Ms. Jipping's renewed motion regarding Mr. Patterson's interest in his deceased wife's estate.[32] Judge Brown agreed with Ms. Jipping and ruled that Mr. Patterson's interest in the Estate of Marion Patterson, and his right to receive a distribution from that estate, are property of the bankruptcy estate.[33] Mr. Patterson also appeals this decision;

---

[28] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 71 (Bankr. D. Alaska Apr. 9, 2024). Mr. Patterson's motion did not identify any specific conflicts of interest nor bases for Judge Brown's alleged bias. *See id.*

[29] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 71 (Bankr. D. Alaska Apr. 9, 2024).

[30] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 75 (Bankr. D. Alaska Apr. 17, 2024).

[31] *In re Tommie Gene Patterson*, Case No. 3:24-cv-00098-SLG, Docket 1 at 3 (D. Alaska Apr. 30, 2024).

[32] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 79 (Bankr. D. Alaska Apr. 18, 2024).

[33] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 79 at 14:10–14:48 (Bankr. D. Alaska Apr. 18, 2024); *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 81 (Bankr.

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 7 of 17

Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 7 of 17

the two appeals have been consolidated.[34]

## STANDARD OF REVIEW

When a district court reviews a bankruptcy court order, it employs the clearly erroneous standard to the bankruptcy court's findings of fact and reviews conclusions of law de novo.[35] "Mixed questions of law and fact are reviewed de novo."[36] Also relevant to this appeal, the decision of a federal judge not to recuse herself is reviewed for an abuse of discretion.[37]

## DISCUSSION

### I. Judge Brown correctly decided not to recuse herself and not to remove Ms. Jipping and Mr. Artus

Mr. Patterson contends that Judge Brown should have recused herself due to conflicts of interest and the appearance of impartiality.[38] Mr. Patterson similarly asserts that Ms. Jipping and Mr. Artus should have been disqualified from serving as trustee and counsel for the trustee, respectively, due to conflicts of interest,

---

D. Alaska Apr. 19, 2024).

[34] Docket 1 at 3; Docket 8.

[35] *In re Schwarzkopf*, 626 F.3d 1032, 1035 (9th Cir. 2010) (quoting *Christensen v. Tucson Ests., Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990)).

[36] *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998) (citing *In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997) (en banc)).

[37] *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992) (citing *Thomassen v. United States*, 835 F.2d 727, 732 (9th Cir. 1987)).

[38] Docket 12 at 10. Mr. Patterson cites Alaska Rule of Civil Procedure 42(c) and related Alaska state case law, which are inapplicable in this federal action. *See* Docket 11 at 15; Docket 12 at 10.

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 8 of 17
Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 8 of 17

false statements, and fraud.³⁹

Ms. Jipping responds that Mr. Patterson "has not provided any factual basis or information from which this court could find bias or impartiality on the part of the bankruptcy judge."⁴⁰ Ms. Jipping also asserts that Mr. Patterson has similarly failed to provide a factual basis that would warrant her removal or the removal of Mr. Artus.⁴¹ The Court agrees that Mr. Patterson has failed to demonstrate that Judge Brown, Ms. Jipping and/or Mr. Artus should have been removed.⁴²

"A judge is required to recuse [herself] under 28 U.S.C. §§ 144, 455 if an objectively reasonable person informed of the facts would conclude that the judge's impartiality might reasonably be questioned were the judge to continue to hear the case."⁴³ Mr. Patterson "bears the burden of proving facts which justify

---

³⁹ Docket 12 at 12–19.

⁴⁰ Docket 18 at 15.

⁴¹ Docket 18 at 15–17.

⁴² Ms. Jipping also asserts that because Mr. Patterson failed to appeal the Bankruptcy Court's March 7, 2024, decision, where he sought to remove her, the issue of her removal "should not be considered in this appeal." Docket 18 at 16. Unlike typical civil cases, a bankruptcy case "embraces an aggregation of individual controversies," and a specific bankruptcy order may qualify as final for purposes of appeal "when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (first quoting 1 Collier on Bankruptcy ¶ 5.08[1][b] (16th ed. 2019); and then citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). The Bankruptcy Court's order denying removal of the trustee was not final, and therefore was not immediately appealable. *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) ("The bankruptcy court's order denying removal of the trustee is not final[.]")). As such, the Court will address Mr. Patterson's appeal on the merits.

⁴³ *Denardo*, 974 F.2d at 1201 (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 9 of 17
Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 9 of 17

recusal."[44] A bankruptcy trustee may be removed "for cause," which may include "trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate."[45] Similarly, Mr. Patterson bears the burden to prove "specific facts" that demonstrate cause to remove Ms. Jipping.[46] Lastly, Mr. Artus may serve as counsel for the trustee if he does "not hold or represent an interest adverse to the estate," and is a "disinterested person."[47]

Mr. Patterson's filings are replete with unsupported accusations against Judge Brown, Ms. Jipping, Mr. Artus, and others. Mr. Patterson provides no evidence to support, much less prove, his assertions of bias, conflict of interest or other misconduct by Judge Brown. Because Mr. Patterson has provided no evidence to support his allegations of misconduct by Judge Brown, he has failed to carry his burden to "prov[e] facts which justify recusal."[48] Accordingly, Judge Brown's decision not to recuse herself is **AFFIRMED**.

With respect to Ms. Jipping, Mr. Patterson appears to argue—in addition to

---

[44] *Id.* (citing *Idaho v. Freeman*, 478 F. Supp. 33, 35 (D. Idaho 1979)).

[45] 11 U.S.C. § 324(a); *In re AFI Holding, Inc.*, 355 B.R. 139, 148 (B.A.P. 9th Cir. 2006) (citation omitted).

[46] *In re AFI Holding, Inc.*, 355 B.R. at 148 (citation omitted).

[47] 11 U.S.C. § 327(a).

[48] *See Denardo*, 974 F.2d at 1201.

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 10 of 17
Case 3:24-cv-00096-SLG    Document 32    Filed 12/03/24    Page 10 of 17

generalized accusations of perjury and fraud[49]—that Ms. Jipping was a "debt collector" subject to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and that she did not comply with the statute's requirements.[50] The Ninth Circuit, however, has held that the FDCPA does not apply in the bankruptcy context, as the debtor is already entitled to relief and protection through the bankruptcy laws.[51] The case cited by Mr. Patterson, *Alaska Trustee, LLC v. Ambridge*, involved a private entity, Alaska Trustee, LLC, seeking to collect a private mortgage debt—it was not a bankruptcy proceeding and does not apply here.[52]

Mr. Patterson also asks the Court to consider two recordings of Ms. Jipping allegedly making false statements, first, at a § 341 meeting of the creditors in Mr. Patterson's bankruptcy case, and second, during what appears to be a private phone call from Mr. Patterson to Ms. Jipping.[53] Mr. Patterson's motion for acceptance of the recordings—which the Court construes as a motion to supplement the record pursuant to Federal Rule of Bankruptcy Procedure 8009(e)—contains only general allegations of perjury and the assertion that the

---

[49] Docket 11 at 12–16; Docket 12 at 2–3, 10–17; Docket 26 at 2–3, 14–18, 20-24.

[50] *See* Docket 12 at 11, 14–16.

[51] *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002).

[52] *See* 372 P.3d 207, 210 (Alaska 2016); Docket 12 at 11, 14, 16.

[53] Docket 27.

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 11 of 17
Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 11 of 17

trustee has an obligation to act in the best interests of the beneficiary.[54] It is impossible for the Court to discern from the recordings any false statements by Ms. Jipping, or any other conduct by Ms. Jipping that would constitute cause for her removal.[55] Because the Court considers the recordings, Mr. Patterson's Motion for Late Filing Acceptance of Recording is **GRANTED**. Because the Court nonetheless finds nothing in the recordings establishing cause for Ms. Jipping's removal as the trustee, Judge Brown's decision not to remove Ms. Jipping is **AFFIRMED**.

Mr. Patterson makes similar accusations of fraud and misconduct against Mr. Artus and relies heavily on the 1999 decision of the Bankruptcy Court in *In re Browning Timber of Alaska, Inc.* ("*In re Browning*"), where Mr. Artus was reprimanded and required to disgorge client funds due to material

---

[54] Mr. Patterson implies that he is the beneficiary, and that, therefore, the trustee was required to make decisions in his best interest. *See* Docket 27 at 1. But a bankruptcy trustee generally does not owe a fiduciary duty to the debtor. *In re Wisdom*, 490 B.R. 412, 417 (D. Idaho 2013), *aff'd sub nom. Wisdom v. Gugino*, 649 F. App'x 583 (9th Cir. 2016). "Rather, a Chapter 7 trustee is 'the "legal representative" and "fiduciary" of the estate.'" *Id.* (quoting *In re AFI Holding, Inc.*, 355 B.R. at 147 (emphasis added)).

[55] As the appellate court in this case, the Court may consider only materials from the original proceedings in the Bankruptcy Court. *In re McCoy,* 111 B.R. 276, 279 (B.A.P. 9th Cir. 1990). It is not clear from Mr. Patterson's motion whether the recordings were filed in the Bankruptcy Court. *See* Docket 27. However, Ms. Jipping's opposition to the motion does not squarely raise that issue and it appears that Mr. Patterson attempted to play at least one of the recordings during a hearing before the Bankruptcy Court. *See* Docket 28 at 1–2; *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 79 at 06:52–07:35 (Bankr. D. Alaska Apr. 18, 2024). The Court assumes without deciding that this deficiency in Mr. Patterson's pro se filing does not preclude the Court from considering the recordings, because the recordings ultimately are not evidence of cause for dismissal of Ms. Jipping.

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 12 of 17

Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 12 of 17

misrepresentations he made to the Bankruptcy Court.[56] Here, the Bankruptcy Court addressed Mr. Patterson's contention regarding the *In re Browning* decision by explaining that Mr. Artus was still permitted to appear in the Bankruptcy Court provided he followed the instructions in the 1999 order.[57] The *In re Browning* decision requires Mr. Artus obtain and file a "written certification from the United States Trustee that Mr. Artus holds no interest adverse to the estate and is a disinterested party within the meaning of 11 U.S.C. § 101(14)."[58] When Ms. Jipping asked the Bankruptcy Court to permit Mr. Artus to represent her in her capacity as trustee, she stated that to the best of her knowledge Mr. Artus "neither represents nor holds any interest adverse to the Trustee or this estate in the matters upon which he is to be engaged," and that he "is a disinterested person"; Mr. Artus filed a declaration asserting the same.[59] Mr. Patterson has failed to provide any evidence that Mr. Artus holds an interest adverse to the bankruptcy estate, is not a disinterested person, or has otherwise acted inappropriately in this

---

[56] Docket 11 at 13, 16 (citing *In re Browning Timber of Alaska, Inc.,* Case No. 99-00081-DMD (Bankr. D. Alaska Oct. 8, 1999)); Docket 11-12 at 1–3 (a portion of the 1999 Bankruptcy Order); Docket 12 at 3, 10–14, 16; Docket 12-12 at 1–3 (a portion of the 1999 Bankruptcy Order); Docket 26 at 3, 10–15.

[57] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 65 at 15:28–17:12 (Bankr. D. Alaska Mar. 6, 2024).

[58] *In re Browning Timber of Alaska, Inc.*, Case No. 99-00081-DMD (Bankr. D. Alaska Oct. 8, 1999).

[59] *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 35 at 2 (Bankr. D. Alaska Jan. 22, 2024); *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 36 (Bankr. D. Alaska Jan. 22, 2024).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 13 of 17

Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 13 of 17

case. Therefore, Juge Brown's decision not to remove Mr. Artus as counsel for Ms. Jipping is **AFFIRMED**. Mr. Patterson's remaining assertions fall far outside the scope of this consolidated bankruptcy appeal and are not permissible bases for overturning the Bankruptcy Court's orders.[60]

## II. Mr. Patterson's interest in the Estate of Marion Patterson is property of the bankruptcy estate

Mr. Patterson also appeals Judge Brown's order establishing that Mr. Patterson's interest in the Estate of Marion Patterson is property of the bankruptcy estate. Mr. Patterson, however, filed no response to the motion before the Bankruptcy Court and raises no arguments specific to that order in his briefs on appeal.[61] Mr. Patterson's arguments instead focus on the qualifications of Judge

---

[60] Mr. Patterson makes several references to the passing of Vickie Leigh Boerner and Sheila Cox, two individuals not connected to this case, asserting that their deaths were related to a civil lawsuit in Alaska state court. Docket 12 at 17–18; Docket 21 at 7; Docket 26 at 2. Mr. Patterson also makes accusations, without support, of misconduct by William F. Morse, a judge (now retired) of the Superior Court of Alaska. Docket 11 at 2–3, 10; Docket 12 at 2, 9; Docket 21 at 7; Docket 26 at 2, 11. Mr. Patterson also alleges juror misconduct in relation to a lawsuit between himself and Ford Motor Company that resulted in a state court judgment against Mr. Patterson. Docket 26 at 11.

[61] At the April 18, 2024, hearing before the Bankruptcy Court, Mr. Patterson asserted that there was a statute of limitations issue, Docket 79 at 14:50–17:40, and that his interest in his deceased wife's estate was exempt from the bankruptcy estate because it was the result of a personal injury claim, Docket 79 at 17:48-18:15. Neither assertion is correct. There is no time limit on the reopening of a bankruptcy case. *See* Fed R. Bankr. P. 9024(1) (providing that motions to reopen bankruptcy cases are not subject to the one-year time limit that generally applies to motions for relief from orders of the court). And an exemption, if one applied, would not preclude Mr. Patterson's interest in the Estate of Marion Patterson from inclusion in the bankruptcy estate. Property subject to exemption is part of the property of the bankruptcy estate and remains in the estate unless claimed exempt and until the exemption is allowed. *See Schwab v. Reilly*, 560 U.S. 770, 774 (2010) ("When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate, see 11 U.S.C. § 541, subject to the debtor's right to reclaim certain property as 'exempt,' § 522(I).").

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 14 of 17

Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 14 of 17

Brown, the trustee, and trustee's counsel, as discussed *supra* Section I. Mr. Patterson does not appear to dispute that Ms. Patterson passed away before he petitioned for bankruptcy; nor does he appear to dispute that he has an interest in her estate.[62]

Ms. Jipping asserts that the Bankruptcy Court's ruling regarding Mr. Patterson's interest in the Estate of Marion Patterson was correct because Mr. Patterson had an interest in his deceased wife's estate at the time he petitioned for bankruptcy, and, therefore, any proceeds to which he is entitled under Alaska probate law are part of the bankruptcy estate.[63]

Mr. Patterson's voluntary petition for bankruptcy created a bankruptcy estate, which included all of his "legal or equitable interests . . . in property as of the commencement of the case."[64] As trustee for the bankruptcy estate, Ms. Jipping is statutorily mandated to "collect and reduce to money the property of the estate" and then distribute the estate to Mr. Patterson's creditors.[65] Mr. Patterson's assertion that Ms. Jipping acted improperly because she sought to obtain his interest in his wife's estate is without merit; she was simply following what the

---

[62] Mr. Patterson asserts that Mr. Artus lied when he stated that "Marion L. Patterson died in 2018." Docket 26 at 24. However, Mr. Patterson acknowledges that his wife is deceased and does not dispute that she passed away before he petitioned for bankruptcy. Docket 26 at 14–15.

[63] Docket 18 at 13–14.

[64] 11 U.S.C. 541(a)(1).

[65] 11 U.S.C. § 704(a)(1); 11 U.S.C. § 726(a).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 15 of 17
Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 15 of 17

bankruptcy code requires her to do.[66]

"Chapter 7 allows debtors to discharge their existing debts immediately without a long-term payment plan. But in exchange, the debtor must relinquish control of and liquidate *all* existing assets."[67] Under the law, a "debtor's right to a distribution from the probate estate of a [decedent] who died prepetition is property of the [bankruptcy] estate, even if the [decedent's estate] had not been distributed at the time the debtor filed for bankruptcy."[68]

Mr. Patterson had an interest in his deceased wife's estate at the time he declared bankruptcy and omitted that fact in his petition for bankruptcy. The Estate of Marion Patterson, in turn, included Ms. Patterson's claim against her insurance carrier. The proceeds from the settlement of that claim are not exempt from inclusion in the bankruptcy estate simply because they had not yet been distributed when Mr. Patterson filed for bankruptcy.[69] The Bankruptcy Court order regarding Mr. Patterson's interest in the Estate of Marion Patterson resolves the issue created by Mr. Patterson's omission of these interests in his bankruptcy petition.[70]

---

[66] Mr. Patterson's references to the FDCPA are unpersuasive for the reasons discussed *supra* Section I.

[67] *In re Brown*, 953 F.3d 617, 620 (9th Cir. 2020) (emphasis added).

[68] *In re Chappel*, 189 B.R. 489, 492 (B.A.P. 9th Cir. 1995).

[69] *See id.*

[70] Mr. Patterson did not hide his wife's claim against her insurance carrier from the Bankruptcy Court entirely. Ms. Jipping acknowledged that Mr. Patterson mentioned his deceased wife's then-still-pending case during a meeting of creditors in his bankruptcy case. *In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 47 at 2–3 (Bankr. D. Alaska Feb. 13, 2024). However,

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 16 of 17

Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 16 of 17

The Bankruptcy Court's order is therefore **AFFIRMED**.

## CONCLUSION

For the reasons stated above, the Bankruptcy Court's orders are **AFFIRMED** and Mr. Patterson's consolidated appeals are **DISMISSED**. The Motion for Late Filing Acceptance of Recording at Docket 27 in Case No. 3:23-cv-00096-SLG is **GRANTED**. All remaining pending motions, including the motions at Docket 5, Docket 9, Docket 14, and Docket 21 in Case No. 3:23-cv-00096-SLG are **DENIED AS MOOT**. The Clerk of Court is directed to enter final judgments in each case accordingly.

DATED this 2nd day of December 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

Mr. Patterson's mention of the case at the meeting of creditors does not abandon the bankruptcy estate's interest in Ms. Patterson's estate. Under 11 U.S.C. § 554(c), property "scheduled under section 521(a)(1) . . . [and] not otherwise administered at the time of the closing of a case is abandoned to the debtor." The word "scheduled" in § 554(c) refers only to assets listed in a debtor's schedule of assets and liabilities. *In re Stevens*, 617 B.R. 328, 332 (B.A.P. 9th Cir. 2020), *aff'd*, 15 F.4th 1214 (9th Cir. 2021). Neither Mr. Patterson's interest in his wife's estate nor the claim against Ms. Patterson's insurance carrier were included in Mr. Patterson's schedule of assets and liabilities, and therefore they were not abandoned upon Mr. Patterson's initial bankruptcy discharge. *See In re Tommie Gene Patterson*, Case No. 23-00004-TB, Docket 1-2 at 10 (Bankr. D. Alaska Jan. 17, 2023).

Case No. 3:24-cv-00096-SLG (Lead Case) and Case No. 3:24-cv-00098-SLG Consolidated,
*In re Tommie Gene Patterson*
Order on Appeals from Bankruptcy Orders
Page 17 of 17

Case 3:24-cv-00096-SLG   Document 32   Filed 12/03/24   Page 17 of 17